**RSPN**
Philip A. Garland
P.O. Box 33934
Las Vegas, Nevada 89133
(702) 658-5918
Plaintiff
In Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILIP A. GARLAND,                              )
                                               )
      Plaintiff,                          )       **No. 1:08-cv-00151-RCL**
v.                                             )
                                               )
PENSION BENEFIT GUARANTY                        )
CORPORATION,                                   )
                                               )
      Defendant.                          )
_____)

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS

    **COMES NOW**, PLAINTIFF PHILIP A. GARLAND (hereinafter PLAINTIFF

GARLAND), In Pro Se, who hereby responds to DEFENDANT PENSION BENEFIT

GUANANTY CORPORATION'S (hereinafter DEFENDANT PBGC) MOTION TO DISMISS

AMENDED COMPLAINT, STRIKE JURY DEMAND AND MEMORANDUM IN SUPPORT

THEREOF as follows:

    This Response is made based upon the Points and Authorities included herein, exhibit(s)

hereto, if any, the pleadings and papers previously filed in this matter and matters taken by judicial

notice, and oral argument at the time of the hearing.

    **DATED this 7 day of MAY, 2008.**

Respectfully Submitted,

By: _____
Philip A. Garland
P.O. Box 33934
Las Vegas, Nevada 89133
(702) 658-5918
Plaintiff
In Pro Se

**RECEIVED**

MAY 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

# FACTUAL AND LEGAL ARGUMENT
### (Points and Authorities)

**PLAINTIFF GARLAND replies to the allegations made by DEFENDANT PBGC upon the allegation/response format as follows:**

DEFENDANT PBGC'S ALLEGATION NO. 1

Plaintiff has failed to: (1) allege more than just the legal conclusion that PBGC wrongfully denied him his pension plan benefits, thereby failing to raise his right to relief above the speculative level and to satisfy the plausibility standard of Rule 12(b)(6).

**PLAINTIFF GARLAND'S RESPONSE NO. 1**

PLAINTIFF GARLAND challenges this allegation because Fed. R. Civ. P. 8(a)(2) only requires that a plaintiff's complaint provide "'a short and plain statement of the claim, showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In this regard, DEFENDANT PBGC in on reasonable notice due to the nature and limited extent of the agency.

DEFENDANT PBGC'S ALLEGATION NO. 2

Plaintiff has failed to: (2) exhaust his administrative remedies with respect to his claim for disability benefits (and is time time-barred from doing so now).

**PLAINTIFF GARLAND'S RESPONSE NO. 2**

PLAINTIFF GARLAND challenges this allegation because the true facts are that DEFENDANT PBGC failed to respond to PLAINTIFF GARLAND'S written request for a period of more than 3 years in violation of Section 1024(b)(4) and 1132(c) of Title 29 of the Code (29 U.S.C.A. § 1024(b)(4), 29 U.S.C.A. § 1132(c)). This Court should take this fact into consideration when determining DEFENDANT PBGC'S request for relief. Generally, in order to receive equity one must first do equity and DEFENDANT PBGC has failed to do equity in this case.

DEFENDANT PBGC'S ALLEGATION NO. 3

PBGC therefore requests that Plaintiff's claim for pension plan benefits be dismissed with prejudice or, in the alternative, without prejudice and his claim for disability plan benefits be dismissed with prejudice.

**PLAINTIFF GARLAND'S RESPONSE NO. 3**

PLAINTIFF GARLAND challenges this allegation because and relies, in part, on Belizan v. Hershon, 434 F.3d 579, 583 (D.C. Cir. 2006) (complaint that omits essential facts and thus fails to state a claim warrants dismissal without prejudice pursuant to Rule 12(b)(6)).

DEFENDANT PBGC'S ALLEGATION NO. 4

When PBGC becomes trustee of a terminated plan, it immediately begins paying retirees' guaranteed pension benefits in estimated amounts. Once the agency obtains and analyzes all the plan and participant records, PBGC finalizes the amount that each participant is (or will be) due, and sends him or her a benefit determination letter that sets forth the participant's benefit.

**PLAINTIFF GARLAND'S RESPONSE NO. 4**

PLAINTIFF GARLAND challenges this allegation because it appears that DEFENDANT PBGC has not obtained and analyzed all the plan and participating records. PLAINTIFF GARLAND should be allowed to supplement the court record with evidence overlooked by DEFENDANT PBGC. More importantly, DEFENDANT PBGC'S principal function is "to provide for the timely and uninterrupted payment of pension benefits to participants and beneficiaries" under plans to which Title IV of the Act applies, Act § 4002(a)(2), 29 U.S.C. § 1305(a)(2), by guaranteeing the payment of certain basic pension benefits after termination of a plan covered under Title IV, Act §§ 4022, 4061, 29 U.S.C. §§ 1322, 1361. The pension plan termination insurance program created by Title IV of the Act in not financed from federal tax revenues. When DEFENDANT PBGC pays guaranteed benefits to retirement and disabled employees and their beneficiaries, the money for those benefits comes from the terminated plan's assets and amounts recovered from employers as described below, supplemented by withdrawals from the revolving funds that support all DEFENDANT PBGC operations, Act §§ 4005, 4061, 29 U.S.C. §§ 1305, 1361.

## DEFENDANT PBGC'S ALLEGATION NO. 5

The decision of the Appeals Board constitutes PBCG'S final agency action, after which a participant may seek judicial review under 29 U.S.C. § 1303(f).

## **PLAINTIFF GARLAND'S RESPONSE NO. 5**

PLAINTIFF GARLAND challenges this allegation because he filed a Petition for Judicial Review. DEFENDANT PBGC issued a Benefit Determination pertaining to PLAINTIFF GARLAND that is arbitrary and capricious and therefore unreasonable and unsustainable because DEFENDANT PBGC'S action violate its primary purpose which is to ensure that retirees such as PLAINTIFF GARLAND receive pension benefits they have earned, even if their employer such as US Airways has terminated their pension plan or is otherwise unwilling or unable to pay. Mead Corp. v. Tilley, 490 U.S. 714, 717—18, 109 S.Ct. 2156, 104 L.Ed. 2d 796 (1989). PLAINTIFF GARLAND further contends that although, the ERISA does not require plan fiduciaries to maximize the benefits of departing employees such as PLAINTIFF GARLAND; it does require DEFENDANT PBGC to make a reasonable choice among possible alternatives. In this regard, to assess whether the choice was reasonable, a court must inquire whether the plan administrator reasonably construed and applied the company's plan in plaintiff's case. Clearly DEFENDANT PBGC has not reasonably construed and applied the plan in PLAINTIFF GARLAND'S case. If there is more than one action that is reasonable, the court must not overturn a decision found to be reasonable, even if an alternative decision also could have been considered reasonable. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed. 2d 80 (1989).

## DEFENDANT PBGC'S ALLEGATION NO. 6

Plaintiff cast his litigation net wider in 2005, when he sued not only US Airways, but also PBGC, PBGC'S then executive director, and 21 other defendants ("2005 Litigation"). Plaintiff claimed then, as he does now, that PBGC incorrectly determined his benefits under the Retirement Income Plan for Pilots of US Airways ("Pension Plan" of "Plan"). The district court dismissed Plaintiff's suit because of his failure, among others, to exhaust PBGC administrative remedies.

1  Plaintiff appealed to the Third Circuit and lost. The instant action was brought prior to the Third

2  Circuit announcing its decision.

3  **PLAINTIFF GARLAND'S RESPONSE NO. 6**

        PLAINTIFF GARLAND challenges this allegation because DEFENDANT PBGC rose this

4

5  very same issue before the Pennsylvania District Court claiming that on the D.C. District Court had

6  original jurisdiction of PLANTIFF GARLAND'S ERISA claims. PLAINTIFF GARLAND has

7  elected to file the instant action in this Court based on the Pennsylvania District Court's ruling of

8  improper venue.

9  DEFENDANT PBGC'S ALLEGATION NO. 7

        This Court need not accept as true the amended complaint's factual allegations insofar as

10

11 they contradict exhibits to the amended complaint or matters subject to judicial notice.

12 **PLAINTIFF GARLAND'S RESPONSE NO. 7**

        PLAINTIFF GARLAND challenges this allegation as conclusionary and unsupported by

13

14 the factual record in this case. This court should take judicial notice of the fact that DEFENDANT

15 PBGC has claimed this court's exclusive jurisdiction to hear this specific type of case pursuant to

16 ERISA.

17 DEFENDANT PBGC'S ALLEGATION NO. 8

        Plaintiff's amended complaint states the following, and only the following, as the basis for

18

19 challenging PBGC'S determination of his Pension Plan benefit:

20         PBGC['S] decision denying [Plaintiff] the . . . benefits . . . under the [Pension Plan] was arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith and violates Title 26 U.S.C.A. § 401 and all

21         subparagraphs, Title 26 U.S.C.A. § 411 and all subparagraphs, Title 26 U.S.C.A. § 401(a) and all subparagraphs, Title 26 U.S.C.A. § 501(a) and all

22         subparagraphs. The decision is not supported by substantial evidence and rises

23         from an erroneous application of federal law.

24 **PLAINTIFF GARLAND'S RESPONSE NO. 8**

        PLAINTIFF GARLAND challenges this allegation because he has complained in the

25

26 record of this case, by and through, Petition For Judical Review that: 1) The December 13, 2007,

27 Benefit Determination was made in an arbitrary and capricious manner 5.U.S.C. § 706(2)(A). 2) Did

28

the December 13, 2007, Benefit Determination was made in bad faith 29 U.S.C. § 404(a), 409(a) and 29 U.S.C. § 1002(21). 3) The December 13, 2007, Benefit Determination used an incorrect method of calculation of benefits. 4) The December 13, 2007, Benefit Determination does not take into account a June 10, 1991, Federal District Court Order outlining parity of retirement income and disability income in this case. 29 U.S.C. § 1303(f)(1). 5) The December 13, 2007, Benefit Determination is not reasonable because of a failure to pay all guaranteed and non-forfeitable benefits in this case as required by ERISA § 402(a), 29 U.S.C. § 1322(a). 6) The December 13, 2007, Benefit Determination is unreasonable because of a lack of thoroughness, validity and consistency of DEFENDANT PBGC 29 U.S.C. § 1303. 7) The December 13, 2007, Benefit Determination is subject to de novo review of legal issues not committed to PBGC discretion. 8) PLAINTIFF GARLAND has no other plain, speedy and adequate legal remedy to this unreasonable Benefit Determination issued by the DEFENDANT PBGC.

DEFENDANT PBGC'S ALLEGATION NO. 9

After reading all 20-plus pages of Plaintiff's amended complaint, PBGC still wonders, as must this Court:

    (1)   What about PBGC'S decision was "arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith;"
    (2)   How did PBGC violate the Internal Revenue Code – 26 U.S.C. §§ 401, 411, 502;
    (3)   Why was the PBGC'S decision not supported by substantial evidence; and
    (4)   Which federal law did PBGC erroneously apply?

**PLAINTIFF GARLAND'S RESPONSE NO. 9**

PLAINTIFF GARLAND challenges this allegation because the final Benefit Determination letter is factually incomplete, flawed and therefore unreasonable and should not be relied upon by this court. There is a clear and unmistakable lack of thoroughness, validity and consistency on the part of DEFENDANT PBGC. In this regard, when reviewing an agency's decision such as DEFENDANT PBGC the district courts must determine whether the agency took all relevant factors into consideration in arriving at the decision. See Overton Park, 401 U.S. at 416, 91 S.Ct. at 823; Sierra Club v. United States Army Corps of Engineers, 772 F.2d 1043, 1051 (2d Cir. 1985); New

York Council, Ass'n of Civilian Technicians v. Federal Labor Relations Authority, 757 F.2d 502, 508 (2d Cir.) cert. denied, 474 U.S. 846, 106 S.Ct. 137, 88 L.Ed.2d 113 (1985). PLAINTIFF GARLAND contends that DEFENDANT PBGC did not take into consideration **1)** The compromise agreement between US AIRWAYS, ALPA and PLAINTIFF GARLAND dated July 27, 2001 **2)** The June 10, 1991, District Court Order **3)** PLAINTIFF GARLAND'S disability. DEFENDANT PBGC'S December 13, 2007, final Benefit Determination letter states, in relevant part, as follows:

> DEFENDANT PBGC:
>
> DEFENDANT PBGC and Plan records show your date of birth as April 5, 1954. The governing documents of the Pilots Plan provide that your normal retirement date is May 1, 2014 (first day of the month after age 60) and that your earliest retirement date is May 1, 2004 (the first day of the month after age 50).
>
> Congress expressly delegated to DEFENDANT PBGC the authority to determine the actuarial values of benefits for purposes of the MGB. See 29 U.S.C. section 1322(b)(4). Based on this express delegation, PBGC issued a regulation that establishes the MGB age reduction factors for benefits that state before age 65. See 29 Code of Federal Regulations section 4022.23(c). This regulation states: "For each of the 60 months immediately preceding the 65th birthday, the reduction shall by 7/12 of 1%. For each of the 60 months immediately preceding the 60th birthday, the reduction shall be 4/12 of 1%. For each of the 120 months preceding the 55th birthday, the reduction shall be 2/12 of 1%." Thus, for participants who begin receiving their PBGC benefits at age 50, the reduction is 65%.

PLAINTIFF GARLAND contends that "One of Congress' central purposes in enacting [ERISA] was to prevent the 'great personal tragedy' suffered by employees whose vested benefits are not paid when pension plans are terminated." Nachman Corp. v. Pension Benefit Guaranty Corp., 446 U.S. 359, 374, 100 S.Ct. 1723, 1733, 64 L.Ed.2d 354 (1980). PLAINTIFF GARLAND further challenges this allegation because the final Benefit Determination did not take into account a June 10, 1991, Federal Court Order granting PLAINTIFF GARLAND make whole relief to include parity of retirement income and disability benefit income. Philip A. Garland v. US Air, Inc. 767 F.Supp.715(W.D.P.A.1991), as follows:

ERISA expressly defines the MGB based on "the actuarial value of a monthly benefit in the form of a straight-life annuity commencing at age 65 . . ." See 29 U.S.C. section 1322(b)(3). Because of this language, the MGB is less for participants who begin receiving their benefit payments at ages younger than 65 years because the cost of providing a benefit for their expected life is larger.

Congress, however, created a single exception to the MGB. This exception is limited to participants whose benefits are payable because of a disability that occurred on or before the pension plan's date of plan termination ("DOPT"). Because ERISA does not include a statutory exception for pilots (or for that matter any other occupational group). PBGC must reduce the age-65 MGB amount for pilots who begin receiving their PBGC benefits before the age 65. PBGC is required to follow the law as enacted by Congress and, thus must actuarially reduce the MGB for pilots, or anyone else, who retires before age 65.

PLAINTIFF GARLAND further challenges this allegation since he brings this action, in part, because DEFENDANT PBGC fails and refuses to make adjustment to allow PLAINTIFF GARLAND to apply this exception due to his disability occurring on or about July 24, 2001, in this regard, the Benefit Determination letter does not address the disability issue, as follows:

> You have complained in your appeal about unlawful reductions to your PBGC benefit on account of your age. While it is true that, in many instances, pilots below age 53 on the date of plan termination will receive lower benefits from PBGC than older pilots with similar earnings and service, this is the direct result of the requirements in ERISA section 4044 concerning the allocation of a pension plan assets.

PLAINTIFF GARLAND further argues that the Due Process Clause forbids an agency such as DEFENDANT PBGC to use evidence in a way that forecloses an opportunity to offer a contrary presentation. Bownman Transp., Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 288 n. 4, 95 S.Ct. 438, 442 n. 4, 42 L.Ed.2d 447 (1974). Consistent with this view, the courts have previously held that an agency must "proceed in accordance with 'ascertainable standards,' and provide a statement showing its reasoning when applying the standards." Patchogue Nursing Center v. Bowen, 797 F.2d 1137, 1143 (2d Cir. 1986) (quoting Holmes v. New York City Housing Authority, 398 F.2d 262, 265 (2d Cir. 1968)), cert. denied, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 828 (1987).

DEFENDANT PBGC'S ALLEGATION NO. 10

While PBGC'S motion to dismiss was pending in the 2005 Litigation, Plaintiff sought to exhaust his administrative remedies with respect to his Pension Plan benefits by filing a request for review with PBGC. As Plaintiff himself acknowledges, this request was limited to benefits under the Pension Plan.

## PLAINTIFF GARLAND'S RESPONSE NO. 10

PLAINTIFF GARLAND challenges this allegation because he has been unlawfully and unreasonably denied his full vested retirement benefits having received less that agreed upon benefit amount from the Retirement Plan and receiving no monthly disability income from the Disability Plan. PLAINTIFF GARLAND remains totally and permanently medically disabled unable to sustain gainful employment and is entitled to an elimination of the 65% penalty or to receive disability retirement income under the Disability Plan commencing July 24, 2001, until his normal retirement date of May 1, 2014. The course of action by DEFENDANT PBGC in denying the disability retirement income to PLAINTIFF GARLAND under the Disability Plan was unreasonable and undertaken in bad faith and otherwise contrary to law. On or about September 27, 2006, PLAINTIFF GARLAND filed a timely request for the DEFENDANT PBGC Appeals Board to review the decision by DEFENDANT PBGC unreasonably denying PLAINTIFF GARLAND retirement benefits in accordance with the Retirement Plan. The DEFENDANT PBGC Appeals Board determination is incomplete because no estimated benefit amount form the Disability Plan was included in the determination letter. On or about December 13, 2007, PLAINTIFF GARLAND received such adverse decision from DEFENDANT PBGC Appeals Board unreasonably denying PLAINTIFF GARLAND challenge to the 65% penalty taxed to his retirement benefit amount due and payable to PLAINTIFF GARLAND in accordance with the Retirement Plan and for unreasonably denying PLAINTIFF GARLAND a PBGC benefit letter pertaining to his vested benefits due under the Disability Plan.

## DEFENDANT PBGC'S ALLEGATION NO. 11

It should not be surprising, then, that the PBGC Appeals Board decision did not address whether Plaintiff was entitled to Disability Plan benefits.

## PLAINTIFF GARLAND'S RESPONSE NO. 11

PLAINTIFF GARLAND challenges this allegation because he does not know why DEFENDANT PBGC failed and refused to provide calculation of benefits payable to PLAINTIFF GARLAND under the Disability Plan. PLAINTIFF GARLAND contends that as employers, DEFENDANT PBGC is by definition a party in interest under 29 U.S.C. § 1002(14)(c) and, as sponsor of the plans, is also a plan fiduciary. Accordingly, 29 U.S.C. § 510 provides in pertinent part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, … or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan…. 29 U.S.C. § 1140.

## DEFENDANT PBGC'S ALLEGATION NO. 12

Plaintiff had forty-five (45) days from the date of his benefit determination in which to raise with PBGC his Disability Plan benefits claim or any other claim that would enhance the amount shown in his benefit determination.

## PLAINTIFF GARLAND'S RESPONSE NO. 12

PLAINTIFF GARLAND challenges this allegation and argues that DEFENDANT PBGC used an incorrect method to calculate PLAINTIFF GARLAND'S final benefit payment. Under a defined benefit plan, an employee is entitled to a fixed payment upon retirement, the amount of which is determined based on a formula incorporating factors such as salary history and duration of employment. See 29 U.S.C.S. § 1002(35). "ERISA does not require plan fiduciaries to maximize the benefits of departing employees; it only requires them to make a reasonable choice among possible alternatives." Foltz v. U.S. News & World Report, Inc., 663 F. Supp. 1494 (D.D.C. 1987), aff'd 275 U.S. App. D.C. 145, 865 F.2d 364 (D.C. Cir. 1989). To assess whether the choice was reasonable, a

court must inquire whether the plan administrator "reasonably construed an applied the company's plan in plaintiff's case." Block v. Pitney Bowes, Inc., 293 U.S. App. D.C. 256, 952 F.2d 1450, 1452, 1454 (D.C. Cir. 1992)). PLAINTIFF GARLAND argues that DEFENDANT PBGC'S December 13, 2007, final Benefit Determination letter is unreasonable because DEFENDANT PBGC abused its discretion because PLAINTIFF GARLAND should receive $6,363.42 per month due to involuntary nature of his forced retirement or on May 1, 2014. In the other alternative, this court should determine that PLAINTIFF GARLAND should have the 65% penalty excused due to his medical disability. In the alternative, on July 27, 2001, PLAINTIFF GARLAND received information from the Airline Pilots Association, Int'l (hereinafter ALPA) that evidences that an offer of settlement and agreement had been made. On July 27, 2001, PLAINTIFF GARLAND obtained information, by and through ALPA, regarding Plan eligibility, and Plan benefits. The intent of the compromise was to enhance PLAINTIFF GARLAND'S retirement income benefit by an adjustment to both age and time in service. (Exhibit no. 1) PLAINTIFF GARLAND is entitled to receive a retirement income benefit from DEFENDANT PBGC without 65% penalty in the amount of $3,310.69 per month. (Exhibit no. 2) Specifically, ERISA provides that certain parties who are "adversely affected by any action of the corporation with respect to a plan … may bring an action against DEFENDANT PBGC for appropriate equitable relief in the appropriate court. 29 U.S.C. § 1303(f)(1). The June 10, 1991, Court Order grants PLAINTIFF GARLAND immediate retroactive seniority for _all_ purposes under the seniority provision of the collective bargaining agreement between US Airways and ALPA. The Court Order states, in relevant part, as follows:

> THE DISTRICT COURT:
> Consistent with the Findings of Fact and Conclusions of Law of this court, plaintiffs Taylor and Garland be and hereby are awarded immediate retroactive seniority for all purposes under the seniority provision of the collective bargaining agreement between Defendant US Air and Rule 19 Defendant Air Line Pilots Association, which seniority shall be implemented as follows:

A.    The seniority Larry Curtis Taylor will be adjusted as if he had been hired on December 14, 1982, which places him on the current seniority list between M.H. Weaver and D.W. Ward.

B.    The seniority of Philip A. Garland will be adjusted as if he had been hired on November 13, 1982, which places him on the current seniority list between G.M. Ward and D.S. Ram.

C.    Plaintiffs will exercise their adjusted seniority for the purpose of participating in the next pilot system bid (Bid 91-3) and thereafter...

In this regard, PLAINTIFF GARLAND should receive retirement benefits consistent with this provision in parity with both G.M. Ward and D.S. Ram. This court ordered parity would provide PLAINTIFF GARLAND with the PBGC maximum benefit payment provided to these similarly situated individuals by virtue of the District Court Order. PLAINTIFF GARLAND argues that this Court may take judicial notice of the District Court decisions resolving PLAINTIFF GARLAND'S prior lawsuits. See <u>Dupree v. Jefferson,</u> 666 F.2d 606, 608 n.1 (D.C. Cir. 1981) (recognizing authority of court to judicially notice related proceedings in other courts); see also <u>Stewart v. Nat'l Educ. Ass'n,</u> 471 F.3d 169, 173 (D.C. Cir. 2006) ("[I]n determining whether a complaint states a claim, the court may consider . . . matters of which it may take judicial notice"). ERISA contains no restriction on the employees' rights to receive benefits not guaranteed under ERISA. See <u>Murphy v. Heppenstall Co.,</u> 635 F.2d 233, 237-39 (3d Cir. 1980), cet. Denied, 454 U.S. 1142 102 S.Ct. 999, 71 L.Ed.2d 293 (1982). DEFENDANT PBGC'S determination letter states, as follows:

> The Pilots Plan provided for early retirement at age 50. Therefore, you and other pilots who were under age 53 on March 31, 2002 do not have any benefits in PC3, since you and they were no eligible to retire three years prior to that date.

> Accordingly, you do not benefit from the ERISA section 4044 allocation due to the insufficiency of the Pilots Plan's assets. While we are sympathetic to your situation, PBGC and the Appeals Board must follow the terms of ERISA and applicable regulations.

PLAINTIFF GARLAND further challenges this allegation because it unreasonably conflicts with the plain language of the ADEA clearly allows for suits brought by the relatively young when discriminated against in favor of the relatively old. The phrase "discriminate . . . because of such individual's age," 29 U.S.C. § 623(a)(1) [29 USCS § 623(a)(1), is not restricted to

1  discrimination because of relatively older age. The language of the ADEA's prohibitory provisions

2  was modeled on, and is nearly identical to, parallel provisions in Title VII. See McKennon v.

3  Nashville Banner Publishing Co., 513 US 352, 357, 584, 55 L.Ed. 2d 40, 98 S. Ct. 866 (1978).

4

5       PLAINTIFF GARLAND challenges this allegation because in this case DEFENDANT

6  PBGC has right to full recovery of its premium claims against US Airways as the Bankruptcy Court

7  determined, as follows:

8            THE BANKRUPTCY COURT: The assets of the retirement plan were
9            turned over to the PBGC, which filed a proof of claim for the full
             amount of what it calculated to be the underfunding of the plan – that
10           is, the difference between the value of the plan assets turned over to it
             and the present value of the future payments owed to the beneficiaries
11           of the plan. Following an evidentiary hearing, this court allowed the
             claim in full. In re US Airways Group, Inc., 303 B.R. 784 (Bankr.
12           E.D.Va. 2003). No appeal was taken form that ruling, and the PBGC
             received a distribution of stock in the reorganized company in
13           satisfaction of its claim.

14      DEFENDANT PBGC also incorrectly bases its denial on a case that is not relevant to these

15  proceedings because it is not on point, as follows:

16           The fundamental premise underlying your argument is that you have specific
17           dollars in the Pilots Plan with your name on them. Such a premise, in regards to
             defined benefit pension plans, is in error. Judge Stephen S. Mitchell, a United States
18           Bankruptcy Court Judge for the Eastern District of Virginia, rejected a similar claim
             by a US Airway pilot in the US Airways bankruptcy case. Judge Mitchell stated on
19           pages 6-7 of his decision:

20           "The Retirement Plan for Pilots of US Airways, Inc. is a defined
             benefit plan under 29 U.S.C. § 1002(35). A defined benefit plan is a
21           plan that "promises to pay employees, upon retirement, a fixed benefit
             under a formula that takes into account factors such as final salary and
22           years of service with the employer." [PGBC v. LTV Corp.] 496 U.S.
             [633] at 637, 110 S. Ct. at 2671. Under such a plan, an employee is
23           entitled to a fixed annuity upon retirement for the remainder of the
             retiree's life. This type of plan does not, however, give an employee
24           ownership over a discrete portion of the plan's assets. An employee is
             only entitled to the fixed benefit under the plan upon retirement."

25      The December 13, 2007, final Benefit Determination letter states, as follows:

26           Because we cannot under law and regulation rant relief on your claims that
27           you were wrongfully terminated (fired) from your job in 2001 and that you are
             entitled to the "original fund sin [your] account" as of your termination date, we will

28

1   now focus on your claim that DEFENDANT PBGC unlawfully reduced your benefit because of your age. We will also explain in detail how your benefit was calculated.

2   PLAINTIFF GARLAND further challenges this allegation because he has also sought to eliminate the 65% penalty due to his disability.

3

4   We note that you have not appealed the following underlying facts that directly impact your PBGC benefit: (1) your date of birth of April 5, 1954; (2) your date of hire of November 13, 1982; (3) your date of termination of employment of July 24, 2001; (4) your normal retirement would be May 1, 2014 (age 60); or (5) your accrued Pilots Plan monthly benefit (as of the termination date) at your actual retirement date (age 50) of $3,310.69.

5

6

7   PLAINTIFF GARLAND further challenges this allegation since he bases his claim upon a

8   pre-bankruptcy court petition pursuant to the collective bargaining agreement. Therefore,

9   DEFENDANT PBGC sets forth no relevant statutes nor case law to support its flawed decision on

10  this issue. A hearing was held in the Bankruptcy Court upon US AIRWAYS and DEFENDANT

11  PBGC responsibly and liability to the Pension Plan and the court order states, as follows:

12

13  A hearing was held in open court on July 20, 2006, on the objection of the reorganized debtors to the administrative claim filed by Thomas Tiffany in the amount of $600,000.

14

15  Mr. Tiffany's administrative claim in this case is for what he calculates as the difference between the benefit that the PBGC will pay him once he retires and what he would have received under the terminated plan. For the reasons stated, the claim must be disallowed.

16

17  Mr. Tiffany's claim is not an administrative expense as defined by Section 503(b) of the Bankruptcy Code.

18

19  On the other hand, the Bankruptcy Court did find, as follows:

    Mr. Tiffany is only entitled to the contractual benefits under the plan, as modified by ERISA upon the plan termination.

20

21  The assets of the retirement plan were turned over to the PBGC, which filed a proof of claim for the full amount of what it calculated to be the underfunding of the plan – that is the difference between the value of the plan assets turned over to it and the present value of the future payments owed to the beneficiaries of the plan. Following an evidentiary hearing, this court allowed the claim in full. *In Re US Airways Group, Inc.,* 303 B.R. 784 (Bankr. E.D. Va. 2003). No appeal was taken from that ruling, and that PBGC received a distribution of stock in the reorganized company in satisfaction of its claim.

22

23

24

25  DEFENDANT PBGC'S ALLEGATION NO. 13

26  Many courts have ruled that ERISA claims that are equitable in nature do not carry a right

27  to a jury trial.

28

## PLAINTIFF GARLAND'S RESPONSE NO. 13

PLAINTIFF GARLAND challenges this allegation because on January 14, 2008, he filed a civil complaint against DEFENDANT PBGC seeking to enforce his contractual right to vested benefits under the Retirement Plan and the Disability Plan. On February 1, 2008, PLAINTIFF GARLAND sought to amend his civil complaint to include a request and demand for a jury trial. In addressing the right of a plaintiff to a jury trial, some courts have also referred to 29 USCS § 1132(e)(1), which states that:

> (e)(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

Generally, 29 USCS § 1132(a)(1)(B) provides for legal remedies distinct from the clearly equitable remedies contemplated by 29 USCS § 1132(a)(3). The court also stated that its reading of ERISA'S legislative history indicated that actions brought under 29 USCS § 1132 should be guided by the case law developed under 29 USCS § 185, which clearly gave an employee who sued for money damages under a collective bargaining agreement the right to request a jury trial. PLAINTIFF GARLAND relies, in part, on what appears to be the first case addressing the issue of a plaintiff's right to a jury trial in ERISA actions, Stamps v. Michigan Teamsters Joint Council No. 43 (1977, ED Mich) 431 F.Supp. 745, 95 BNA LRRM 2260, the court held that where the plaintiff sought to enforce his rights under an ERISA plan and recover monetary benefits owing from the plan, the claim was for legal, rather than equitable, relief and was therefore triable to a jury.

# EXHIBIT # 1

**Johnson, Jim Herndon**

**From:**      Browne, Karen, AAAMEC
**Sent:**      Friday, July 27, 2001 4:50 PM
**To:**        Johnson, Jim, Herndon
**Subject:**   Phil Garland

**Importance:** High

Here's how the calculations work out:

DATA:       Phil Garland #16611
            Date of Hire 11/13/82
            Date of Birth 4/5/97
            FAE $170,000
            8/1/01 – Age 47.32 with 18.72 years of service
Earliest Retirement age is 50 (45% reduction in benefit) – since tables don't cover earlier
ages, we must assume 6% reduction for each year under 50. Reduction for age 47.32 is 60%

Benefit accrued and taken at 8/1/01 (reduced by 60%)                        $2,545.37 per month
Benefit accrued and taken at 5/1/2004 (at age 50, reduced by 45%) $3,499.88 per month
Benefit accrued and taken at 5/1/2014 (age 60, unreduced)                   $6,363.42 per month

With additional credited service:
To age 50, 21.72 years of service (reduced by 45%)                          $4,061.01 per month

If you need more, just let me know.

Karen L. Browne-Fleck, C.E.B.S.
Air Line Pilots Association International
USAirways MEC
1187 Thorn Run Road, Suite 400
Coraopolis, PA 15108
(800) 872-4763, Aspen 2146
Fax 412-264-1508

**EXHIBIT # 2**



**Privacy Act Data**

# Benefit Statement

PHILIP GARLAND

09/07/2006 06:12 PM
Page 1 of 2

## RETIREMENT INCOME PLAN FOR PILOTS OF US AIRWAYS

PBGC Case Number:
Date of Plan Termination:

19933400
March 31, 2003

Participant's Name:

PHILIP GARLAND

Participant's Information
------------------------

Social Security Number:
Gender:
Date of Birth:
Date of Hire:
Date of Termination of Employment:
Participant Number:
Merger Category:
Normal Retirement Date:

XXX-XX-3711
Male
04/05/1954
11/13/1982
07/24/2001
G66721
US Air
05/01/2014

Summary of Participant's Benefit
--------------------------------

Actual Retirement Date (ARD):
Current Monthly Benefit:
PBGC Monthly Benefit at Actual Retirement Date:
Form of Annuity:

05/01/2004
$1,282.67
$1,292.74
Straight Life

Your current monthly benefit of $1,282.67 will increase to $1,292.74 due to an Incorrect Original Maximum Insurance Limit. See benefit calculation for details.

Benefit Calculation
--------------------

(1)    Plan Monthly Benefit at ARD as a Straight Life
       Annuity:

$3,310.69

Privacy Act Data

**PHILIP GARLAND**

The benefits PBGC guarantees are limited by federal pension law to the PBGC's maximum monthly amount that was in effect on the date of plan termination. This limit is adjusted to reflect your age and form of annuity.

| | | |
|---|---|---|
| (2) | Maximum Insurance Limit at ARD as a Straight Life Annuity: | $1,288.90 |
| (3) | Guaranteed Monthly Benefit at ARD as a Straight Life Annuity:<br>lesser of (1) or (2) =<br>lesser of $3,310.69 or $1,288.90 = | $1,288.90 |
| (4) | Additional Monthly Benefit due to 4022(c) at ARD as a Straight Life Annuity: | $3.84 |
| (5) | PBGC Monthly Benefit at ARD as a Straight Life Annuity:<br>(3) + (4) =<br>$1,288.90 + $3.84 = | $1,292.74 |

**Philip A. Garland**
P.O. Box 33934
Las Vegas, Nevada 89133
(702) 658-5918
Plaintiff
In Pro Se

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILIP A. GARLAND,                    )
                                      )
        Plaintiff,                    )          No. 1:08-cv-00151-RCL
                                      )
v.                                    )
                                      )
PENSION BENEFIT GUARANTY              )
CORPORATION,                          )
                                      )
        Defendant.                    )
_____)

## CERTIFICATE OF SERVICE

_James A Shaffer_ being first duly sworn says: that at all times herein affiant was and is a citizen of the united states, over 18 years of age, not a party to nor interested in the proceedings which this affidavit is made. That affiant did mail a copy(ies) of **PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION TO DISMISS** and mailed the same **on the** $\underline{17^{th}}$ **day of MAY, 2008,** by placing a copy in the U.S. mailbox, postage prepaid to the following:

Michael A. Maricco, Esq.
Pension Benefit Guaranty Corporation
1200 K Street, N.W.
Washington, DC 20005

AGENT FOR PLAINTIFF