UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILIP A. GARLAND, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br> PENSION BENEFIT GUARANTY )<br> CORPORATION, )<br>  )<br>  Defendant. )<br>  ) | No. 1:08-cv-00151-RCL |

**DEFENDANT PENSION BENEFIT GUARANTY CORPORATION'S
REPLY TO PLAINTIFF'S REPONSE AND OBJECTION**

In reply to the Response and Objection to Defendant's Motion to Dismiss ("Opposition") filed by plaintiff Philip A. Garland ("Plaintiff") and first received by Defendant Pension Benefit Guaranty Corporation ("PBGC") on May 22, 2008, PBGC hereby submits this Reply Brief in furtherance of its Motion to Dismiss Amended Complaint, Strike Jury Demand and Memorandum in Support Thereof (the "Motion").

**INTRODUCTION**

This is Plaintiff's second lawsuit against PBGC.[1]   In the instant action, Plaintiff's Amended Complaint seeks judicial review of  PBGC's benefit determination of his pension benefit under the terminated US Airways Pilots Retirement Income Plan (the "Pension Plan"), for which PBGC is now the statutory trustee.  Plaintiff also seeks for the first time additional

---

[1] *See* Motion, at 4.  A description of PBGC, Title IV of ERISA as well as the background, procedural history and nature of the instant case are set forth in PBGC's Motion.

benefits based on his participation in the US Airways Pilots Disability Income Plan (the "Disability Plan").

PBGC filed its Motion to dismiss the above claims, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), based on Plaintiff's failure to: (1) allege more than just the legal conclusion that PBGC wrongfully denied him his pension plan benefits, thereby failing to raise his right to relief above the speculative level and to satisfy the plausibility standard of Rule 12(b)(6); and (2) exhaust his administrative remedies with respect to his claim for disability benefits, the time for which has expired. PBGC requested that Plaintiff's claim for pension plan benefits be dismissed with prejudice or, in the alternative, without prejudice and that his claim for Disability Plan benefits be dismissed with prejudice. PBGC also sought to strike Plaintiff's jury demand.

In an attempt to salvage his Amended Complaint from dismissal, Plaintiff's Opposition introduces various new facts and allegations that were neither raised in his Amended Complaint nor in the administrative record of PBGC's determination of his pension benefits.

As explained more fully below, the new facts and allegations in Plaintiff's Opposition must be ignored, and in any event the Amended Complaint must still be dismissed. First, only those facts pleaded in the Amended Complaint should be considered for purposes of ruling on a Rule 12(b)(6) motion. Second, even if the additional facts and allegations introduced *via* Plaintiff's Opposition were contained in the Amended Complaint, they were not raised by Plaintiff in the administrative record comprising Plaintiff's claims to PBGC for pension benefits and must therefore be ignored. Third, for the same reasons stated in PBGC's Motion to Dismiss, these new facts and allegations are conclusory and speculative and fail to satisfy Rule 12(b)(6)'s plausibility standard. Moreover, the introduction of Plaintiff's new facts and allegations does

nothing to excuse Plaintiff's failure to exhaust his administrative remedies with respect to his Disability Plan benefit claim.  Last, precedent in this Court makes clear that Plaintiff is not entitled to a jury trial on his ERISA claims.

## ARGUMENT

I. **PLAINTIFF'S LEGALLY INSUFFICIENT CHALLENGE TO PBGC'S DETERMINATION OF HIS PENSION PLAN BENEFITS IS NOT CURED BY NEW FACTS AND ALLEGATIONS IN HIS OPPOSITION BRIEF**

   A. **Plaintiff Cannot Save His Amended Complaint From Dismissal by Raising New Facts and Allegations in his Opposition Brief**

The facts a court may consider when ruling on a Rule 12(b)(6) motion to dismiss are limited to the facts alleged in the complaint.[2]  "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."[3]  "'Plaintiff cannot amend [his] complaint de facto to survive a motion to dismiss by asserting new claims for relief in [his] responsive pleadings.'"[4]

As noted in PBGC's Motion, Plaintiff's Amended Complaint states the following, and only the following, as the basis for challenging PBGC's determination of his Pension Plan benefit:

---

[2] *Henthorn v. Dept. of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997) (stating that the court "may not draw upon facts from outside the pleadings" for purposes of ruling on a Rule 12(b)(6) motion).

[3] *Coleman v. PBGC*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000) (*citing Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989); *Banks v. York,* 515 F. Supp. 2d 89, 97 n.2  (D.D.C. 2007) (court rejected *pro se* plaintiff's attempt to add claims by raising them for the first time in his opposition to defendants' motion to dismiss); *Gray v. American Academy of Achievement*, No. 04-626, 2005 WL 645227, at *4 n.2 (D.D.C. March 21, 2005) (Lamberth, J.).

[4]  *Hall v. Administrative Office of the U.S. Courts*, 496 F. Supp. 2d 203, 207 n.4 (D.D.C. 2007) (*quoting Coll. Sports Council v. Gov't Accountability Office*, 421 F. Supp. 2d 59, 71 n.16 (D.D.C. 2006)).

> PBGC['s] decision denying [Plaintiff] the . . . benefits . . . under the [Pension Plan] was arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith and violates Title 26 U.S.C.A. § 401 and all subparagraphs, Title 26 U.S.C.A. § 411 and all subparagraphs, Title 26 U.S.C.A. § 401(a) and all subparagraphs, and Title 26 U.S.C.A. § 501(a) and all subparagraphs. The decision is not supported by substantial evidence and rises from an erroneous application of federal law.[5]

PBGC argued that these allegations are truly "legal conclusions cast in the form of factual allegations" and thus should be ignored.[6] PBGC also stated these allegations failed to raise Plaintiff's right to relief above the speculative level and to satisfy the plausibility standard of Rule 12(b)(6).[7]

Plaintiff's Opposition attempts to cure the Amended Complaint's deficiencies by introducing numerous new facts and allegations that were either not contained in or are contrary to, his Amended Complaint and administrative record. With respect to Plaintiff's challenge to PBGC's benefit determination of his pension benefits, for example, his Opposition alleges for the first time the following:

- PBGC violated 29 U.S.C. §§ 1024(b)(4) and 1132(c) by failing to respond to Plaintiff's written request for a period of more than 3 years;[8]

---

[5] Am. Compl. ¶ 73.

[6] Motion, 7-11.

[7] *Id.*

[8] Opposition, Response 2. Sections 1024(b)(4) and 1132(c) of Title I of ERISA require an *ongoing* plan's "administrator" to disclose to participants certain pension plan information and do not apply to PBGC as statutory trustee of a *terminated* plan. ERISA defines "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated," or "if an administrator is not so designated, the plan sponsor [*i.e.*, the employer]." 29 U.S.C. § 1301(a)(1); 1002(16)(A). PBGC, as statutory trustee of a terminated plan, is not a plan "administrator" or "plan sponsor" (employer) and therefore is not subject to sections 1024(b)(4) and 1132(c). *See Boivin v. US Airways, Inc.*, Case No. 03-2373, 2005 WL 713622 at *2 (D.D.C. March 17, 2005), *vacated in part on other grounds*, 446 F.3d 148 (D.C. Cir. 2006); *see also Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1138 (D.C. Cir. 1989); *see also* Dept. of

4

- PBGC "has not obtained and analyzed all the plan and participating records";[9]
- The December 13, 2007 Benefit Determination used an incorrect method of calculation of benefits;[10]
- The December 13, 2007 Benefit Determination does not take into account a June 10, 1991 Federal District Court Order outlining parity of retirement income and disability income in this case;[11]
- The December 13, 2007 Benefit Determination is not reasonable because of a failure to pay all guaranteed and non-forfeitable benefits in this case as required by ERISA;[12]
- The December 13, 2007 Benefit Determination is unreasonable because of a lack of thoroughness, validity and consistency of PBGC;[13]
- PBGC did not take into consideration the "compromise agreement" between US Airways, ALPA and Plaintiff dated July 27, 2007;[14]
- PBGC should increase his benefit "due to the involuntary nature of his forced retirement;"[15] and

---

Labor Op. Ltr. 82-66A (Dec. 12, 1982) ("because the Plan is a defined benefit plan which is terminated and for which the PBGC is appointed trustee . . . , the Plan administrator is relieved, by virtue of such termination, from the reporting and disclosure requirements arising under Part 1 of Title I of ERISA").

[9] *Id.*, Response 4.

[10] *Id.*, Response 8.

[11] *Id.* The June 10, 1991 order ("1991 Order") was issued in relation to Plaintiff's race discrimination action against USAir, Inc. and the pilots association. *See Garland v. USAir, Inc. et al.*, Case No. 86-890, 1991 WL 424045 (W.D. Pa. June 10, 1991); *see also Garland v. USAir, Inc. et al.*, 767 F. Supp. 715 (W.D. Pa. 1991). The 1991 Order, among other things, adjusted Plaintiff's seniority as if he had been hired on November 13, 1982, and adjusted his pension credit according to the "adjusted seniority date." *Garland*, 1991 WL 424045 at *3. PBGC clearly took into account Plaintiff's "adjusted seniority date." PBGC's benefit determination noted Plaintiff's date of hire as 11/13/1982. *See* PBGC's Motion, Exhibit B. And the PBGC Appeals Board decision stated, "[w]e note that you have not appealed the following underlying facts that directly impact your PBGC benefit: . . . *your date of hire of November 13, 1982.*" *See* Plaintiff's Amended Complaint, Exhibit 7.

[12] *Id.*

[13] *Id.*

[14] *Id.*, Response 9, 12.

[15] *Id.*, Response 12.

5

- PBGC's benefit determination "unreasonably conflicts with the plain language of the ADEA [which] clearly allows for suits brought by the relatively young when discriminated against in favor of the relatively old."[16]

Because Plaintiff failed to raise these new facts and allegations in his Amended Complaint, he cannot raise them now, and the Court should not consider them in granting PBGC's Motion to Dismiss.

In *Henthorn v. Dept. of Navy*, the D.C. Circuit Court affirmed the grant of a 12(b)(6) motion against a complaint filed by a *pro se* plaintiff alleging Fair Labor Standards Act (FLSA) violations.[17] Plaintiff, who performed labor for the Navy while incarcerated, failed in his complaint to allege one of the two elements necessary for relief under FLSA, namely that the Navy set his pay and actually paid him.[18] Plaintiff's opposition brief to the Government's 12(b)(6) motion stated, however, that the Navy paid his wages.[19] The plaintiff urged the court to

---

[16] *Id.*, Response 12. Unlike the other additional facts and allegations contained in Plaintiff's Opposition, Plaintiff did raise the ADEA in his administrative appeal with PBGC (*see* PBGC Motion, Exhibit A at 9), although his Amended Complaint did not. This is of no consequence because this claim fails as a matter of law. Plaintiff incorrectly claims the "ADEA clearly allows for suits brought by the relatively young when discriminated against in favor of the relatively old." (Opposition, Response 12). In fact, the Supreme Court has held the exact opposite: "[ADEA] does not mean to stop an employer from favoring an older employee over a younger one." *Gen. Dynamics Land Sys. v. Cline*, 540 U.S. 581, 600 (2004); *see also Karlen v. City of Colleges of Chicago*, 837 F.2d 314, 318 (7th Cir. 1988) (early retirement plan that treats employee better the older the employer is not suspect under the ADEA); *see also* 29 U.S.C. § 623(l)(2)(A) (no ADEA violation occurs when an employee pension benefit plan "provides for the attainment of a minimum age as a condition of eligibility for normal or early retirement benefits").

[17] 29 F.3d 682, 683 (1994).

[18] *Id.* at 687.

[19] *Id.*

look not only to the complaint, but also to his opposition brief and supporting litigation papers.[20] Both the district and appeals court declined to do so.[21]

PBGC recognizes that this Court has considered facts contained in the opposition brief of a *pro se* plaintiff in *Price v. Kelly*.[22] In *Price*, however, this Court justified considering facts outside the pleadings on the grounds that the Court would grant plaintiff leave to amend his complaint, anyway.[23] Here, however, Plaintiff has already amended his complaint once in this action and has amended his complaint no fewer than two times in the previous PBGC-related litigation.[24] Plaintiff, who first initiated action against PBGC in 2005, has had more than enough time and opportunity to develop his theories of relief against PBGC and to state a viable cause of action upon which relief can be granted. Furthermore, Plaintiff's Amended Complaint follows an administrative appeal, a district court decision and a Third Circuit Court of Appeals decision. He should not be granted yet another bite at the proverbial apple.

Like the *Henthorn* plaintiff, Plaintiff in this case attempts to salvage an insufficiently pleaded complaint by alleging additional and contrary facts not found in the pleadings or the administrative record. This Court should ignore the additional facts and allegations contained in Plaintiff's Opposition.

---

[20] *Id.*

[21] *Id.*, 687-88 ("statements of fact in [legal] memoranda cannot ordinarily be given the dignity of a pleading") (citing *Goldman v. Summerfield*, 214 F.2d 858, 859 (D.C. Cir. 1954)); *see also*, *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988) ("Factual allegations contained in legal briefs or memoranda are also treated as matters outside the pleading for purposes of Rule 12(b)"); *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir. 1985) (emphasis added) (stating that courts may consider facts not contained in complaint, "*provided it was not inconsistent with the allegations of the complaint*").

[22] 847 F. Supp. 163, 164 n.1 (1994) (Lamberth, J.).

[23] *Id.*

[24] *Garland v. US Airways, Inc., et al.*, Case No. 05-140 (W.D. Pa.), Dkt. Nos. 7, 9, 11, 13.

7

## B. Plaintiff Cannot Raise New Claims or Facts That Are Not Contained in the Administrative Record

Plaintiff limited his administrative appeal and record with PBGC to the following four issues: (1) Did the PBGC wrongfully take and receive Plaintiff's retirement account; (2) Did the PBGC wrongfully reduce Plaintiff's benefit because of age; (3) Should PBGC recalculate Plaintiff's benefit without the age reduction; and (4) Does Plaintiff have some other remedy available?[25] Thus, even if the additional facts and allegations found in his Opposition (described in Section I.A. above) were referenced in the Amended Complaint, they must be ignored nonetheless because they are not contained in the administrative record of this case.[26] Both the Administrative Procedure Act ("APA") and the doctrine of exhaustion of administrative remedies require this result.

### 1. The APA Limits The Court's Review to the Administrative Record

PBGC is a federal administrative agency and, as such, its actions, including those of its Appeals Board, are subject to this Court's review pursuant to the APA.[27] Where the basis for an agency's determination is set forth in a contemporaneous administrative record, as it is in this case, courts are limited to examining the record before the agency at the time it made its decision, not a new record presented to the court. As the Supreme Court noted:

> The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and reach its own conclusions based on such an inquiry . . . The APA specifically contemplates *judicial review on the basis of the agency record*

---

[25] *See* PBGC's Motion, Exhibit A at 4, "Statement of Issues."

[26] *See supra* note 16 (discussing Plaintiff's allegation under the ADEA).

[27] *See* 5 U.S.C. § 706(2); *Dycus v. PBGC*, 133 F.3d 1367, 1369 (10th Cir. 1998); *PBGC v. Ouimet Corp.*, 470 F. Supp. 945, 949-50 n.11 (D. Mass. 1979), *aff'd* 630 F.2d 4 (1st Cir. 1980); *see generally PBGC v. LTV. Corp.*, 496 U.S. 633 (1990).

> compiled in the course of informal agency action in which a hearing has not occurred.[28]

Courts in this district have recognized that "under the APA, review of [an agency's] decision is limited to the administrative record that was before [it] at the time the decision was made; the court cannot go fishing about for more evidence."[29]

Plaintiff's attempt to introduce the additional facts and allegations described above thus invites this Court to run afoul of its role under the APA. Accordingly, this Court should ignore the Opposition's new facts and allegations as they are outside the administrative record in this case.

### 2. The Doctrine of Exhaustion of Administrative Remedies Limits the Court's Review to the Administrative Record

The purposes and requirements of administrative exhaustion (as explained in PBGC's Motion) would be impermissibly frustrated if plaintiffs were permitted to raise facts and issues not raised in the administrative record. This Circuit, for example, explains the rationale for the ERISA exhaustion requirement, *specifically with regard to PBGC*, as follows:

> [C]ourts generally require administrative exhaustion "because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." . . . [E]xhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration, especially in a complex or technical factual context . . . Exhaustion would protect the PBGC's authority to administer the complex program that Congress has

---

[28] *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (emphasis added). *See also*, *Vermont Yankee Nuclear Power Corp. v. Natural Res. Defense Council, Inc.*, 435 U.S. 519, 549 (1978); *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973); *U.S. v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963); *Commercial Drapery Contractors, Inc. v. U.S.*, 133 F.3d 1, 7 (D.C. Cir. 1998).

[29] *See Ackerman v. United States*, 324 F. Supp. 2d 1, 5 (D.D.C. 2004). *See also*, *Sara Lee Corp. v. Am. Bakers Ass'n Ret. Plan*, 512 F. Supp. 2d 32, 38 (D.D.C. 2007) (limiting review of PBGC's actions to the administrative record); *Int'l Center for Tech. Assessment v. Johanns*, 473 F. Supp. 2d 9, 15 n.5 (D.D.C. 2007); *Friends of the Earth v. U.S. Dep't of Interior*, 236 F.R.D. 39, 42 (D.D.C. 2006).

> entrusted to its care, give it the chance to correct its own mistakes, and obviate what would otherwise be an incentive to disregard -- and to disrupt -- the PBGC's administrative procedures.[30]

To allow Plaintiff to raise new facts and allegations now would completely disregard PBGC's administrative procedures and result in an ever-changing administrative record. This could potentially weaken PBGC's authority and would disrupt the efficiency of this Court's review – going against the very purposes of administrative exhaustion. Thus, this Court should join the other courts that have preserved the exhaustion doctrine by routinely declining to entertain facts or issues not contained in the administrative record in ERISA cases.[31]

Even if the Court were to consider Plaintiff's new facts and allegations contained in his Opposition, they still would not raise Plaintiff's right to relief above the speculative level and would fail to satisfy Rule 12(b)(6)'s plausibility standard.[32] These new facts and allegations, as

---

[30] *Boivin v. US Airways*, 446 F.3d 148, 154-55 (D.C. Cir. 2006) (emphasis added); *see also Communications Workers of Am. v. AT &T*, 40 F.3d 426, 432 (D.C. Cir. 1994).

[31] *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005) ("the final administrative decision acts as a temporal cut off point. The claimant may not come to a court and ask it to consider post-denial [] evidence in an effort to reopen the administrative decision"); *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 609 (4th Cir. 1999) (affirming district court's refusal to consider additional evidence that was not presented at the administrative level); *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 394-95 (5th Cir. 2006) (holding district court erred in considering facts not in the administrative record); *Estate of Bratton v. National Union Fire Ins. Co.*, 215 F.3d 516, 522 (5th Cir. 2000) (refusing to give district court' decision any deference "because [it] strayed far outside the administrative record"); *Yeager v. Reliance Std. Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996) (holding that court could only consider facts presented in administrative record at the time the decision was made); *Ferrari v. Teachers Ins. & Annuity Ass'n*, 278 F.3d 801, 807 (8th Cir. 2002) (refusing to hear evidence not presented to administrator because plaintiff failed to show good cause why the record should be reopened); *Nance v. Sun Life Assur. Co. of Can.*, 294 F.3d 1263, 1269 (10th Cir. 2002) (district court generally may consider only the arguments and evidence before the administrator at the time it made that decision); *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 381 (10th Cir. 1992) ("a curtain falls when the fiduciary completes its review . . . the district court must evaluate the record as it was at the time of the decision").

[32] *See* PBGC's Motion, 7-11.

with those in Plaintiff's Amended Complaint, are vague, legal conclusions cast in the form of factual allegations.[33] Thus, even if considered, they do not save Plaintiff's Amended Complaint from dismissal.

## II. PLAINTIFF'S NEW FACTS AND ALLEGATIONS, EVEN IF CONSIDERED, DO NOT EXCUSE HIM FROM EXHAUSTING HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO HIS CLAIM FOR DISABILITY PLAN BENEFITS

PBGC's Motion sought to dismiss with prejudice Plaintiff's claim for additional benefits based on his participation in the Disability Plan because Plaintiff failed completely to raise any Disability Plan benefit claim with PBGC in the administrative review process (and the time for doing so had expired).[34] None of the new facts and allegations in Plaintiff's Opposition, even if considered (which they should not be), excuse Plaintiff's failure to exhaust.

With respect to his claim for disability plan benefits, Plaintiff's Opposition alleges for the first time that PBGC did not take into account his disability when determining his pension benefits and thus PBGC wrongfully reduced his benefits by 65% to account for early retirement.[35] His Amended Complaint alleged, to the contrary, that he should receive payments from the Disability Plan, a plan he characterized as a qualified trust in which he was vested under the Internal Revenue Code.[36] Whatever the actual nature of Plaintiff's claim is with regard to the Disability Plan, one thing is clear: he never raised the disability issue in his administrative review and is precluded from doing so now.

As explained in PBGC's Motion, Plaintiff had forty-five (45) days from the date of his September 27, 2006 benefit determination in which to raise with PBGC his Disability Plan

---

[33] *See id.*

[34] Motion, 12-14.

[35] Opposition, Response 9, 10, 12; *see also* Amended Complaint, Exhibit 7, p. 4.

[36] Amended Complaint ¶¶ 64-65; *Id.* ¶¶ 7, 9-10.

11

benefits claim or any other claim that would enhance the amount shown in his benefit determination.[37] Plaintiff failed to raise this issue then and failed to raise it in the previous PBGC-related litigation. Because the time for raising this issue has long since passed, Plaintiff's Disability Plan benefits claim must be dismissed with prejudice.[38]

## III. BECAUSE PLAINTIFF'S ERISA CLAIMS ARE NOT ENTITLED TO JURY TRIAL, HIS JURY DEMAND MUST BE STRICKEN.

In support of his claim to a right to a jury trial, Plaintiff relies on *Stamps v. Michigan Teamsters Joint Council*, an old Michigan District Court case not binding on this Court, which granted a jury trial to the plaintiff who brought an action pursuant to §502(a)(1)(B) of ERISA.[39] The court reasoned that the cause of action contained in that ERISA subsection is legal, rather

---

[37] 29 C.F.R. § 4003.52 (". . . an appeal under this subpart must be filed within 45 days after the date of the initial determination being appealed . . .").

[38] *See Plain v. AT&T, Corp.*, 424 F. Supp. 2d 11, 16 (D.D.C. 2006) (granting summary judgment where record established that plaintiff's request for review was untimely filed). *See also, Terry v. Bayer Corp.*, 145 F.3d 28, 40 (1st Cir. 1998) (upholding committee's decision to deny appeal because disability claimant's administrative appeal was untimely presented); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2003) (upholding dismissal with prejudice where claimant failed to exhaust administrative remedies and time for doing so had expired); *D'Amico v. CBS Corp.*, 297 F.3d 287, 290, 293 (3d Cir. 2002) (upholding district court's decision to dismiss plaintiffs' complaint with prejudice for failure to exhaust); *Phillips v. Babbitt*, No. 97-1981, 1998 U.S. App. LEXIS 11793 (4th Cir. June 5, 1998) (upholding dismissal with prejudice where claimant failed to exhaust administrative remedies and time for doing so had expired); *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007) (holding that "when exhaustion is no longer possible, dismissal may be with prejudice"); *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 454 n.1 (6th Cir. 1991) (upholding dismissal with prejudice where plaintiff failed to exhaust and the time for seeking review with plan administrator, pursuant to the plan's terms, had expired); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("[d]ismissal for failure to exhaust is without prejudice . . . unless it is too late to exhaust"); *Jiminez v. Rice*, 276 F.3d 478 (9th Cir. 2001) (upholding dismissal with prejudice where claimant failed to exhaust remedies); *Counts v. Am. Gen. Life and Accident Ins. Co.*, 111 F.3d 105, 109 (11th Cir. 1997) (affirming dismissal with prejudice where disability plan participant failed to appeal initial denial within 60 days of receiving termination letter as required by the plan).

[39] 431 F. Supp. 745 (E.D. Mich. 1977).

than equitable, in nature and therefore triable by a jury.[40] However, this decision was rejected by the Sixth Circuit in *Bair v. General Motors Corp.,* where the court affirmed the denial of a plaintiff's demand for a jury in a section 502 action.[41] Furthermore, the D.C. District Court has consistently ruled that plaintiffs claiming ERISA violations are not entitled to a jury trial.[42] In so deciding, this Court has joined the "overwhelming weight of authority" among the Circuits rejecting the right to a jury demand for ERISA claims.[43]

Since Plaintiff's claim to a right to a jury trial is unsupported by case law, this Court must strike his jury demand.

---

[40] *Id.* at 747.

[41] 895 F.2d 1094, 1095 (6th Cir. 1990).

[42] *E.g. Coleman v. PBGC*, 196 F.R.D. 193, 197 (D.D.C. 2000); *Fitts v. Fannie Mae*, 44 F. Supp. 2d 317, 330-31 (D.D.C. 1999) ("Based on the overwhelming weight of authority, the court concludes that ERISA does not permit the plaintiff to have her ERISA claim…decided by a jury.").

[43] *E.g. DeFelice v. American Int'l Life Assurance Co.*, 112 F.3d 61, 64-65 (2nd Cir. 1997) ("cases involving ERISA benefits are inherently equitable in nature, not contractual, and that no right to jury trial attaches to such claims"); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994); *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096-97 (6th Cir. 1990); *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3rd Cir. 1990); *Nevill v. Shell Oil Co.*, 835 F.2d 209, 213 (9th Cir. 1987); *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1567 (11th Cir. 1987).

## **CONCLUSION**

For the foregoing reasons and those discussed in PBGC's Motion, the Motion should be granted and the jury demand should be stricken.

Dated:  May 30, 2008　　　　　　　　Respectfully submitted,
　　　　Washington, D.C.

　　　　　　　　　　　　　　　　　　*/s/ Michael A. Maricco*
　　　　　　　　　　　　　　　　　　ISRAEL GOLDOWITZ
　　　　　　　　　　　　　　　　　　Chief Counsel
　　　　　　　　　　　　　　　　　　CHARLES L. FINKE
　　　　　　　　　　　　　　　　　　Deputy Chief Counsel
　　　　　　　　　　　　　　　　　　ANDREA M. WONG (D.C. Bar No. 449128)
　　　　　　　　　　　　　　　　　　Assistant Chief Counsel
　　　　　　　　　　　　　　　　　　MICHAEL A. MARICCO (D.C. Bar No. 492055)
　　　　　　　　　　　　　　　　　　Attorney

　　　　　　　　　　　　　　　　　　PENSION BENEFIT GUARANTY CORPORATION
　　　　　　　　　　　　　　　　　　Office of the Chief Counsel
　　　　　　　　　　　　　　　　　　1200 K Street, N.W.
　　　　　　　　　　　　　　　　　　Washington, D.C.  20005
　　　　　　　　　　　　　　　　　　Tel. No. (202) 326-4020, ext. 3732
　　　　　　　　　　　　　　　　　　Fax No. (202) 326-4112
　　　　　　　　　　　　　　　　　　E-mail: maricco.michael@pbgc.gov and
　　　　　　　　　　　　　　　　　　efile@pbgc.gov

　　　　　　　　　　　　　　　　　　Attorneys for Pension Benefit
　　　　　　　　　　　　　　　　　　Guaranty Corporation

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Defendant Pension Benefit Guaranty Corporation's Reply to Plaintiff's Response and Objection was mailed by First Class Mail, on the 30th day of May, upon Plaintiff at the address listed below:

      PHILIP A. GARLAND
      7125 Regina Avenue
      Las Vegas, NV 89133

      /s/ Michael A. Maricco
      MICHAEL A. MARICCO
      Attorney